## JENNIE ATWOOD, Apt., v. MOUNT-HOLLY.

### Rutland County, 1893.

Before:   Taft, Rowell, Tyler and Munson, JJ.

*Payment and novation.   Attorney's lien.*

The plaintiff contracted with defendant to board certain of its paupers at a given price per week, and it was arranged that R. & J. might furnish the plaintiff supplies upon the credit of the defendant to an amount not exceeding what was due her for boarding such paupers.   Upon a settlement with the plaintiff at the end of the year the defendant paid to R. & J. the entire amount due the plaintiff, which overpaid the plaintiff's debt to R. & J. by $26.17. This was upon the expectation that plaintiff would continue to trade with R. & J., which she did, but upon final settlement paid them for the goods afterwards furnished, refused to accept the $26.17 which they tendered, upon the ground that the defendant owed her not only this amount, but for her husband's board also, and brought suit

against the defendant.   Still later she took the $26.17 and
gave a receipt for it.   The court found that the defendant
was not liable for the husband's board.   *Held*:

1.   That upon the facts as found by the court, the payment to R.
     & J. was a payment to the plaintiff, and that she thereby
     accepted them as her debtor in place of the defendant.

2.   That the attorney who brought the suit acquired no lien upon
     the $26.17 as against the defendant, for the reason that
     there was nothing due the plaintiff from the defendant
     when the suit was brought.

Assumpsit.   Plea, the general issue.   Trial by court at
the March term, 1892, Ross, Ch. J., presiding.   Judgment
for the defendant.   The plaintiff excepts.

The real question was as to the right of the attorney who
had  originally  brought  the  suit  to  assert an attorney's lien
against the defendant.

March 11, 1889, the defendant entered into a written con-
tract with the plaintiff to board what of its paupers it might
elect to send there for $1.50 per week.   Under this contract
the defendant caused three of its paupers to be boarded by
the plaintiff for the year.   At the commencement of the con-
tract an arrangement was made with Russell & Johnson,
merchants doing business in the defendant town, that the
defendant would be responsible to them for supplies which
they might furnish the plaintiff to an amount not exceeding
what was due her under the contract.   It did not appear
that the plaintiff was a party to this contract, but she acted
upon it.

In February, 1890, the plaintiff and defendant agreed as
to the sum which would be due her at the end of the year,
March 11, 1890, for boarding these paupers, and an order
was given to Russell & Johnson for the entire amount so
found due.   This order overpaid Russell & Johnson what
the plaintiff owed them by $26.17.   This amount was paid
them upon the expectation that she would continue to trade
with them during the remainder of the year.   This she did,

but at the end of the year paid them for what goods she had bought after the order was given. They thereupon tendered her the $26.17, which she refused to receive, and the same was placed in the hands of one Newton.

The husband of the plaintiff had received aid from the defendant for some three years before the commencement of this contract, and she claimed that she was entitled to receive compensation from the defendant for boarding him during the year, and refused to receive the tender of the $26.17 for the reason the defendant owed her in addition for her husband's board.

After this suit had been brought the plaintiff took the $26.17 from Newton, and left with him a receipt in full for all claims she might have against the defendant and a discontinuance of this suit.

The suit had been brought and conducted by one Goddard, as an attorney for the plaintiff; and the court found that previous to the settlement he, hearing that something of the kind was contemplated, had notified one of the selectmen of the defendant that he should claim an attorney's lien.

The court also found that the amount of Goddard's bill at the time of the settlement exceeded $26.17, and that the defendant owed the plaintiff nothing for boarding her husband.

*George E. Lawrence* for the plaintiff.

Notice to one selectman was sufficient. *Thayer* v. *Lyman*, 35 Vt. 646; *Dale* v. *Kimpton*, 46 Vt. 76.

*W. H. Lord* and *J. C. Baker* for the defendant.

The payment to Russell & Johnson was a payment to the plaintiff. *Nelson* v. *Wells*, 51 Vt. 52; *McPeck* v. *Moore*, 51 Vt. 269; *Goochie* v. *Brock*, 52 Vt. 107; *Bacon* v. *Bates*, 53 Vt. 30; *Cadens* v. *Teasdale*, 53 Vt. 469.

The opinion of the court was delivered by

TYLER, J.   The court below found that on March 11, 1889, the defendant, by its overseer of the poor, entered into a written contract with the plaintiff, by the terms of which the defendant was to pay her $1.50 each per week for boarding such paupers as the overseer should choose to send her to be boarded.   An arrangement was then made between the defendant and Russell & Johnson, merchants in the town, by which they were authorized to furnish the plaintiff with supplies to the amount of the board of the paupers kept by her.   It did not affirmatively appear that the plaintiff was a party to this arrangement, though from her subsequent dealings with that firm it might reasonably have been inferred that she had knowledge of and assented to it.

The plaintiff boarded three paupers for the defendant during the following year, and another one for a short time. Nearly all the business pertaining to the contract was done through Russell & Johnson.

The first of February, 1890, the overseer settled with the plaintiff, and gave Russell & Johnson a town order for an amount which was $26.17 in excess of what the plaintiff owed the firm, which sum was left for her in their hands, they expecting that she would take up a part of it in supplies before the termination of the contract.   She did make further purchases of them, but at the end of the year paid them therefor, when the firm tendered her the $26.17, which she refused for the reason that she claimed pay for keeping her husband that year as a pauper.   She then brought this suit to recover the $26.17 and for her husband's support.

The court below found that the defendant was not indebted to the plaintiff for boarding her husband, and only owed her the amount tendered.

It does not appear in the statement of facts that the order was given to Russell & Johnson by the request of the plain-

tiff or with her consent, nor that she agreed to take the $26.17 in supplies from the store, but it is found that the money left with Russell & Johnson was the defendant's, and the facts that the plaintiff continued to make purchases at the store, and that she declined to take the amount when tendered her solely because of her other claim against the town, and that after she brought her suit she took the money, were circumstances tending to show that she was a party to the arrangement by which the money was left with the firm for her, and that she took the firm as her debtor in substitution and release of the defendant. The court below must have so found as questions of fact.

This disposes of the main question, for the determination of which this suit has been litigated, whether the plaintiff's attorney had a lien on the money deposited for her. As there was nothing due from the defendant to the plaintiff when this suit was brought, there could have been no attorney's lien as against the defendant.

*Judgment affirmed.*